TAGGED OPINION



**ORDERED in the Southern District of Florida on February 02, 2009.**

_____
**Erik P. Kimball, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re | Case No.: 08-15510-EPK |
| JOHN E. LEONARD, | Chapter 7 |
|     Debtor. _____/ | |
| DEBORAH C. MENOTTE, Trustee in Bankruptcy for JOHN E. LEONARD, | |
|     Plaintiff, | Adv. Proc. No.: 08-01561-EPK |
| v. | |
| JOHN E. LEONARD, | |
|     Defendant. _____/ | |

**ORDER DISMISSING AMENDED COMPLAINT**

THIS CAUSE came before the Court upon the *Debtor's Motion to Dismiss Amended Adversary Complaint for Objection to Discharge* [DE 8] (the "Motion to Dismiss") filed by John

E. Leonard (the "Debtor") on December 8, 2008. Deborah C. Menotte (the "Trustee") filed the *Trustee's Memorandum of Law in Support of Trustee's Response to Debtor's Motion to Dismiss Amended Adversary Complaint for Objection to Discharge* [DE 17] (the "Response") on January 15, 2009. The Court held an evidentiary hearing to consider the Motion to Dismiss on January 22, 2009. Having considered the Motion to Dismiss, the Response, the evidence and presentations of counsel at the evidentiary hearing, and being otherwise fully advised in the premises, the Court grants the Motion to Dismiss for the reasons that follow.

I.    Background

The Debtor filed his Chapter 7 petition on April 30, 2008. *In re Leonard*, Case No. 08-15510-EPK [DE 1]. The meeting of creditors was scheduled for June 3, 2008. *Id.* [DE 2]. The deadline to file complaints objecting to the discharge or the dischargeability of individual claims was August 4, 2008. Rules 4004(a) and 4007(c) of the Fed. R. Bankr. P. (hereinafter "Rule" or "Rules").

On July 28, 2008, the Trustee filed a motion to extend the time to file a complaint objecting to discharge under Section 727 of 11 U.S.C. §§ 1101 *et seq*. (the "Bankruptcy Code"; hereinafter "Sections" shall refer to Sections of the Bankruptcy Code) [DE 28]. The Court granted the motion on July 30, 2008 [DE 34], extending the Trustee's deadline to file such a complaint to September 3, 2008 (the "Extended Deadline").

On September 3, 2008, the Trustee filed her *Complaint Objecting to Discharge* (the "Original Complaint") commencing the above-styled adversary proceeding. In the two-count Original Complaint, the Trustee objected to the Debtor's discharge pursuant to Sections 727(a)(2)(A) and 727(a)(4)(A). The Trustee alleged that the Debtor made misrepresentations or omissions in his schedules and petition, at the meeting of creditors under Section 341, and during

an examination of the Debtor under Rule 2004.  The factual allegations in the Original Complaint focused on the Debtor's interest in a North Carolina property, stock in a construction company, and an account receivable in the approximate amount of $18,000 outstanding as of the petition date.

There is no dispute that the Trustee filed her Original Complaint in a timely manner.

On November 13, 2008, the Trustee filed an *Amended Complaint Objecting to Discharge* (the "Amended Complaint").  In a new, third count of the Amended Complaint, the Trustee alleges that the Debtor transferred a mobile home, post-petition, with the intent to hinder, delay, or defraud creditors, and requests that the Debtor's discharge be denied under Section 727(a)(2)(B).  The Amended Complaint includes new factual allegations in paragraphs 11 and 12, to support the new third count.

On December 8, 2008, the Debtor filed a Motion to Dismiss the Amended Complaint. The Debtor argues that the new, third count of the Amended Complaint and the additional factual allegations related to that third count should be dismissed with prejudice as they were added after the Extended Deadline.

The Trustee does not dispute that the third count and the related factual allegations were added after the Extended Deadline.  In the Response, the Trustee argues that her Amended Complaint should not be dismissed "because it was her belief, precipitated by the assertions of the Debtor, that the trailer was still in his possession or that he still had ownership of the trailer." The Trustee contends that the Court should deny the Motion to Dismiss on equitable grounds. (Resp. 2)   In the alternative, the Trustee argues that the deadline for objecting to discharge does not apply to post-petition conduct.  Finally, although not raised in the pleadings, at the

**3**

evidentiary hearing the Trustee argued that the Amended Complaint relates back to the filing of the Original Complaint, thereby making the amendment timely.

II.     Analysis

In a Chapter 7 case a complaint objecting to discharge under Section 727(a) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(a). The time to file a complaint can be extended "[o]n motion of any party in interest" if the motion is "filed before the time has expired." Rule 4004(b).

The deadline contained in Rule 4004(a) is strictly enforced. The court does not possess discretionary authority to alter the mandatory sixty-day time period provided by Rules 4004(a). *See Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir. 1988); *Western Union Fin. Servs. v. Mascarenhas (In re Mascarenhas)*, 382 B.R. 857 (Bankr. S.D. Fla. 2008).[1] The Court notes, also, that Rule 4004(a) is excepted from the "excusable neglect" standard found in Rule 9006(b). Rule 9006(b)(3) provides that the court may enlarge the time for taking action under Rule 4004(a) only to the extent and under the conditions stated in that rule.

In the case at hand, it is undisputed that the Amended Complaint was filed after the Extended Deadline. The Trustee's argument that this Court should apply equitable tolling is contrary to binding precedent in the Eleventh Circuit.

The case law cited by the Trustee, for the proposition that the deadline contained in Rule 4004(a) does not apply to claims arising from post-petition transfers, is contrary to the plain text of the rule. By its explicit terms, the sixty-day period set out in Rule 4004(a) applies to all actions under Section 727(a). The Trustee seeks to add a third count brought pursuant to Section 727(a)(2)(B), which applies to conduct that occurs "after the date of the filing of the petition."

---

[1] The timing provisions of Rule 4004(a) (relating to objecting to discharge) and Rule 4007(c) (relating to objecting to dischargeability of an individual debt) are identical. It is appropriate to consider cases that examine Rule 4007(c) when ruling on an issue governed by Rule 4004(a). *Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004).

**4**

There is nothing in Rule 4004(a) to support the contention that actions brought under Section 727(a)(2)(B) are excepted from the strict time limit contained in that Rule.

At the evidentiary hearing on the Motion to Dismiss, the Trustee argued that the new third count and underlying factual allegations in the Amended Complaint "relate back" to the Original Complaint and thus the Amended Complaint was timely. An amendment relates back to an original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015. "[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008) (citations omitted).

Here, the new third count of the Amended Complaint adds a claim under Section 727(a)(2)(B), a basis for relief not addressed in the two original counts. In support of the new claim, the Trustee made additional factual allegations, in paragraphs 11 and 12 of the Amended Complaint, regarding a mobile home allegedly transferred post-petition to Wynne Building Corporation. These newly alleged facts did not arise out of any of the conduct, transactions, or occurrences set out in the Original Complaint. The Original Complaint gave no notice to the Debtor of the claim asserted in the new, third count. Therefore, the amendment does not relate back to the filing of the Original Complaint and the Amended Complaint is untimely.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion to Dismiss [DE 8] is **GRANTED**.

2. The Amended Complaint [DE 7] is **DISMISSED**.

**5**

    3.  The Debtor shall file a responsive pleading within ten (10) days of entry of this Order.

###

Copies furnished to:

Frank P. Delia, Esq.

Michael R. Bakst, Esq.

Jon L. Martin, Esq.